**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

PAUL GREGORY WILES

    Petitioner,

v.                                           Case No: 8:15-cv-01737-T-24TGW
                                                           8:11-cr-00067-T-24TGW

UNITED STATES OF AMERICA,

    Respondent.

_____

**ORDER**

This cause comes before this Court on Petitioner Gregory Wiles' motion to vacate, set aside, or correct an illegal sentence under 28 U.S.C. § 2255. Cv. Dkt. 1. The Government filed a response in opposition. Cv. Dkt. 11. Petitioner subsequently filed a reply. Cv. Dkt. 15.

**I.    Background**

A three-count indictment charged Petitioner with one count of possession of a firearm by a convicted felon, one count of conspiracy to possess with intent to distribute methamphetamine, and one count of possession of a firearm in furtherance of a drug trafficking crime. On November 2, 2011, Petitioner pled guilty without a plea agreement to all three counts. This Court accepted Petitioner's guilty plea on November 3, 2011. Cr. Dkt. 26. The Presentence Report ("PSR") classified the Petitioner as an armed career criminal under 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA") because Petitioner had at least three prior convictions for serious drug offenses or violent felonies:

    (1) Petitioner was sentenced on August 29, 1997 for the sale or delivery of cocaine.

    (2) Petitioner was sentenced on August 29, 1997 for trafficking in cocaine.

1

(3) Petitioner was sentence on July 15, 2006 for obstructing or opposing an officer with violence.

The advisory guidelines sentencing range for Petitioner was 188 to 235 months for counts one and two and a mandatory consecutive sentence of 60 months for count three. At the June 6, 2012 sentencing hearing, Petitioner raised the issue that his prior convictions did not qualify him for sentencing under the ACCA. Cr. Dkt. 61 at 34. The Court, however, found the ACCA applied to Petitioner and sentenced Petitioner to a concurrent 180 months for counts one and two, followed by 60 months for count three for a total of 240 months. Cr. Dkt. 52.

Petitioner filed a direct appeal challenging his 240-month sentence on June 26, 2013. The Eleventh Circuit affirmed his sentence on April 18, 2014. Petitioner did not file a petition for writ of certiorari with the United States Supreme Court.

## II.     Motion to Vacate, Set Aside, or Correct Sentence

On July 17, 2015, Petitioner filed a timely 28 U.S.C. § 2255 motion. Petitioner raised four issues in his motion: (1) Petitioner's counsel was ineffective for advising Petitioner to reject a favorable plea agreement; (2) Petitioner's guilty plea was not knowing and voluntary because of counsel's wrong advice; (3) the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), regarding the unconstitutionality of the residual clause of the ACCA is an intervening change in the law, thereby making Petitioner's sentence under the ACCA illegal; (4) Petitioner's counsel was ineffective for failing to object to the supervised release conditions requiring him to pay expenses associated with mental health and drug counseling as being vague.

### A. Ineffective Assistance of Counsel

Grounds one, two, and four of Petitioner's § 2255 motion raise issues of whether the Petitioner was denied his Sixth Amendment right to effective assistance of counsel. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court established a two-part test for determining whether a defendant received ineffective assistance of counsel. *Id.* at 687. First, the defendant must prove that counsel's performance was deficient to a point where errors were made that were so serious that counsel failed to function as guaranteed by the Sixth Amendment. *Id.* Second, the defendant must show the errors made by counsel prejudiced the defense to the point that the results of the trial cannot be trusted. *Id.* To prevail on an ineffective assistance of counsel claim, Petitioner must show that counsel's representation fell below an objectively reasonable standard. *Id.*

In Ground One, Petitioner claims his counsel was ineffective because of counsel's wrong advice that Petitioner did not qualify to be sentenced under the ACCA. Applying the first prong of the *Strickland* Test, the Petitioner must allege counsel's acts were outside the wide range of professionally competent assistance. *Id.* at 690.

Here, Petitioner asserts that he rejected a favorable plea agreement on the advice of counsel with the understanding that he would not be eligible for sentencing under the ACCA. Petitioner's argument that counsel was ineffective because of wrong advice fails for several reasons. First, counsel exercised professionally reasonable judgment when weighing the pros and cons of accepting a plea agreement or pleading open to the court. Counsel advised Petitioner that waiving the right to appeal, a requirement included in the proposed plea agreement, outweighed the benefits of the proposed plea agreement. Cr. Dkt. 45 at 28 – 29. Counsel reasonably attempted to advise Petitioner whether he qualified to be sentenced under the ACCA, which was and is an area of law in a constant state of change. Further, Petitioner's counsel told the

Magistrate Judge at the change of plea hearing, in Petitioner's presence, that Petitioner had been placed on notice that the ACCA could apply to him. Cr. Dkt. 45 at 21. The Magistrate Judge also asked Petitioner if any promises had been made to him in order to get him to plead guilty, and Petitioner answered that there had not been any promises. Finally, Petitioner in response to the Magistrate Judge's questions, asserted that the decision to plead guilty was his and no one else's. Cr. Dkt. 45 at 29. Petitioner did not meet the burden of proving his counsel's actions fell below an objectively reasonable standard for effectiveness and violated Petitioner's Sixth Amendment rights. Therefore Ground One is without merit.

In Ground Two, Petitioner asserts that his guilty plea was not knowing and voluntary because of the wrong advice given by his counsel. As discussed above, the alleged wrong advice given by counsel related to the ACCA and does not satisfy the test for ineffective assistance of counsel. A guilty plea is considered knowing and voluntary if: 1) the guilty plea is not coerced; 2) the defendant understands the nature of the charges; and 3) the defendant knows and understands the possible consequences of the guilty plea. *United States v. Darville*, 423 Fed. App'x 939, 941 (11th Cir. 2011)(citing *United State v. Mosley*, 173 F.3d 1318, 1322 (11th Cir. 1999)). During the change of plea hearing, the Magistrate Judge described each of the charges the Petitioner was pleading guilty to, and the Petitioner answered that he understood and had no questions about the charges. Cr. Dkt. 45 at 5 – 10. The Magistrate Judge then went through the rights Petitioner would be giving up by pleading guilty, and Petitioner responded that he understood the rights he was giving up and still wished to plead guilty. Cr. Dkt. 45 at 18 – 20. The Magistrate Judge also advised Petitioner of the maximum punishment for the crimes he was pleading guilty to. Dkt 45 at 22 – 25. Further, Petitioner answered he had received no promises in exchange for his guilty plea, he made the decision to plead guilty, and that he understood the

rights being relinquished by pleading guilty. Cr. Dkt. 45 at 33 – 34. The Magistrate Judge found the Petitioner plead guilty freely, voluntarily, and knowingly. Cr. Dkt. 45 at 38.

Petitioner's claim that the Magistrate Judge participated in the plea discussions has no merit. The Magistrate Judge did not attempt to convince the Petitioner to plead guilty, but merely restated the explanation by Petitioner's counsel when explaining why the benefit of the plea agreement may not outweigh the cost of giving up Petitioner's right to appeal. In addition, Petitioner states "this issue was raised on direct appeal" and, if correct, the issue is procedurally barred.

Petitioner knowingly and voluntarily pled guilty, with no interference by the Magistrate Judge, therefore Ground Two is without merit.

In Ground Four, Petitioner asserts his counsel did not clarify with the Court what would happen if he did not pay the fees associated with the special conditions of supervised release and this amounts to his counsel being ineffective. He then speculates that he could be violated, have his supervised release extended, or face more sanctions. The special conditions as to drug and mental health counseling state, "the defendant shall be required to contribute to the costs of services for such treatment not to exceed an amount determined reasonable by the Probation Officer's Sliding Scale for Substance Abuse Treatment Services" and for Mental Health Treatment Services. Cr. Dkt. 52. In other words, Petitioner pays depending on his ability to pay.

Even if Petitioner's counsel did not clarify with the Court what would happen if he did not pay, this does not amount to ineffective assistance of counsel nor has Petitioner shown how he is prejudiced. Therefore, Ground Four lacks merit.

**B. *Johnson* Claim**

Petitioner argues that in light of *Johnson,* he is "actually innocent" of being an armed career criminal. He further argues that his trial and appellate counsel were ineffective for failing to argue his violent felony priors could not have qualified him for sentencing as an armed career criminal.

The Eleventh Circuit has not directly addressed the issue of whether or not *Johnson v. United States*, 135 S.Ct. 2551 (2015) applies on collateral review to a first § 2255 petition.[1] However the Government concedes retroactivity in its response. "For a Petitioner such as Wiles seeking a first collateral review of his sentence, the new substantive rule from *Johnson* would apply retroactively." CV. Dkt. 11 at 17. Given the Government's concession, the Court will assume Petitioner's *Johnson* claim is timely.

The Supreme Court in *Johnson* held that the imposition of an increased sentence under the residual clause of the Armed Career Criminal Act (ACCA) violates the Constitution's guarantee of due process because the clause is too vague to provide fair notice of the conduct it punishes. However the Court also stated that its decision "does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id.* at 2563.

Petitioner pled guilty to to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §922(g)(1), conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §841(a)(1), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §924(c) . He was sentenced as an Armed Career

---

[1] In *In re Rivero*, 797 F. 3d 986, 989 (2015), the Eleventh Circuit found that *Johnson* does not apply retroactively to cases seeking successive collateral relief. However, the Court stated in dicta that "if *Rivero*-like the petitioner in *Bousley* were seeking a first collateral review of his sentence, the new substantive rule from *Johnson* would apply retroactively. *Id.* at 991.

Criminal because he had at least three prior convictions for a violent felony, or a serious drug offense. Those felonies as enumerated in the PSR, were sale and delivery of cocaine, trafficking in cocaine, and obstructing or opposing an officer with violence. However, Petitioner also had prior convictions for Burglary of a Structure and Battery on a Law Enforcement Officer.

Petitioner argues that his priors, other than the drug offenses, fall under the residual clause of the ACCA and can no longer qualify as predicate convictions after *Johnson*. Specifically, he argues that his convictions for burglary, opposing an officer with violence and battery on a law enforcement officer cannot serve as predicate violent offenses for purposes of the ACCA. Therefore he argues that in light of *Johnson* he is not an Armed Career Criminal and should not have been sentenced as such.

The Government argues that the Petitioner's prior conviction for burglary of a structure in violation of Fla. Stat. §810.02 (4)(a) is still a qualifying offense after *Johnson* because the ACCA's enumerated offenses clause includes burglary. The Government also argues that Petitioner's prior conviction for obstructing or opposing an officer with violence is still a qualifying offense because one of its elements is the use or threatened use of violence. Therefore even after *Johnson*, Petitioner has three qualifying predicate convictions and was properly sentenced as an Armed Career Criminal.

Petitioner does not contest the fact that his two prior drug convictions are qualifying offenses under the ACCA. Petitioner's third conviction under the ACCA can be either burglary of a structure or obstruction or opposing an officer with violence. Neither are affected by the Supreme Court's decision in *Johnson* because neither fall under the ACCA's residual clause. Burglary of a structure is an enumerated offense under 18 U.S.C. §924(e)(2)(B)(ii) and opposing an officer with violence has as an element of the use of physical force against another under 18

U.S.C. §924(e)(2(B)(i). Although they cannot both qualify as they were committed on the same occasion, either could still qualify as a predicate conviction after *Johnson*.

Because Petitioner still has three qualifying predicate convictions for sentencing under the ACCA, Petitioner is not innocent of being an armed career criminal and he was properly sentenced as such. Trial and Appellate counsel were not deficient for failing to argue that he did not qualify to be sentenced under the ACCA. Therefore this claim lacks merit.

### III.  No Evidentiary Hearing Warranted

Petitioner requests an evidentiary hearing on his § 2255 motion. Cv. Dkt 4. Petitioner has the burden to establish the need for an evidentiary hearing. *Birt v. Montgomery*, 725 F.2d 587, 591 (11th Cir. 1984). Here, Petitioner has not established the need for an evidentiary hearing. Therefore Petitioner motion for an evidentiary hearing is DENIED.

### IV.  Conclusion

For the reasons stated above, Petitioner's § 2255 motion is **DENIED**. The clerk is directed to enter judgment in favor of the United States in the civil case and close the case.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPIERS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Drake*, 542 U.S.

274, 282 (2004)(quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)(quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

It is so ordered in Tampa, Florida this 23rd day of February, 2016.

/s/ Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge

Paul Gregory Wiles, pro-se